IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Denise Hernandez, | : Civil Action No.: 4:14-cv-161 |
| Plaintiff, | : |
| v. | : |
| Ally Financial, Inc., | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

For this Complaint, Plaintiff, Denise Hernandez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and North Carolina Fair Debt Collection Practices Act.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Denise Hernandez ("Plaintiff"), is an adult individual residing in Vanceboro, North Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant Ally Financial, Inc. ("Ally"), is a Michigan business entity with an address of 200 Renaissance Center, P.O. Box 200, Detroit, MI 48265-2000, operating as a collection agency, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

**FACTS**

6. Beginning in early February 2014, Ally began placing calls Plaintiff's cellular telephone, number 252-XXX-4382, in an attempt to collect a consumer debt (the "Debt") allegedly owed by Plaintiff.

7. At all times mentioned herein Ally placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8. When Plaintiff picks up the calls from Ally, she is met with a period of silence, followed by a prerecorded message.

9. The calls from Ally reached such an annoying and harassing rate, that in or around late February, Plaintiff called Ally and demanded them to stop all calls to her.

10. Despite having been so informed, Ally continued to place automated calls to Plaintiff's cellular telephone.

11. Furthermore, Plaintiff called Ally in or around August to make a partial payment in an effort to get the calls to stop.

12. Following the receipt of payment, Ally continued to contact Plaintiff in an attempt to collect the Debt.

# COUNT I

# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last year, Ally called Plaintiff on her cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

16. Defendant's telephone systems have some earmarks of a Predictive Dialer.

17. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would play a prerecorded message.

18. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19.  Defendants contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20.  The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21.  The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.  As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23.  As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

24.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.  Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

26.  Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

27.  Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

28. Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant used conduct the natural consequence of which is to oppress, harass, or abuse Plaintiff in connection with the attempt to collect the Debt.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);

2. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen.Stat. § 58-70-130(b) or N.C. Gen. Stat. . § 75-56.

3. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C); x

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 22, 2014

        Respectfully submitted,

        By:   /s/ Ruth M. Allen

        Ruth M. Allen, Esq.
        Bar Number: 34739
        7413 Six Forks Road, Suite 326
        Raleigh NC 27615
        Email: rallen@lemberglaw.com
        Telephone: (855) 301-2100 Ext. 5536
        Facsimile: (888) 953-6237
        Attorney for Plaintiff

        Of Counsel To:

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424